**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Roy Berlanga, | No. CV 05-1760-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #13). Plaintiff responded, and Defendants replied (Doc ##16-17). The Court will grant the motion to dismiss.

## I. The Exhaustion Requirement

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Ngo v. Woodford, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Analysis**

The Court dismissed Plaintiff's original Complaint with leave to amend and ordered service of his First Amended Complaint upon Maricopa County and its sheriff, Joseph Arpaio (Doc. ##7, 9). Plaintiff alleged that he was denied medical treatment when jail staff took away a brace and wrappings for his broken hand (Count I), and that the conditions of the jail were unsafe and unhealthy (Count II) (Doc. #8). He asserted that he filed a grievance for Count I but was "denied [the] ability to submit [an] appeal by MCSO staff" (Id. at 4, Doc. #8). For Count II, he alleged that he "was denied by jail staff [the] ability to exhaust administrative remedies when requested" (Id. at 5).

Defendants Maricopa County and Sheriff Arpaio moved to dismiss, contending that Plaintiff's file did not contain copies of any grievances. In support, they submit the affidavit of Zelean Tademy, a Hearing Officer for inmate grievances, who asserts that the grievance records show that Plaintiff failed to file any grievances or appeals (Tademy Aff. ¶¶ 11-13, Ex. A, Doc. #13). Tademy also asserts that jail policy requires detention officers to provide inmates with forms when asked and that the officer routinely provide forms as part of their duties (Id. ¶ 7 & Ex. 1 at 2, ¶ 4). Tademy further asserts that issues similar to Plaintiff's are routinely grieved (Id. ¶ 6).

The Court issued the customary Order warning Plaintiff about his rights and obligations to respond to the motion (Doc. #15). Plaintiff was specifically informed that if Defendants showed that he failed to exhaust remedies, his Complaint would be dismissed unless he produced his own affidavit or other evidence to show that he exhausted (Id. At 2). Plaintiff filed a Response, contending that he was denied the necessary appeal forms when he asked for them (Doc. #16). Notably, Plaintiff did not name the officers that he claims denied him the forms, nor has he specifically described when these denials occurred or

1 exactly what transpired. He merely claims that there have been other incidents in the past
2 when inmates have not been given forms (Id. at 3-4). Plaintiff also did not submit a copy of
3 the grievance that he alleged that he had filed regarding for Count I.

4 On this record, Plaintiff has not sufficiently rebutted Defendants' evidence that the
5 grievance process was available. Plaintiff failed to submit a copy of the grievance that he
6 claimed to have filed on Count I, and he failed to provide specific details about who denied
7 him appeal forms. The Court also is not persuaded by Plaintiff's contention that other
8 inmates have been denied forms; the important question in this action is whether Plaintiff
9 was denied forms. On this record, it appears that Plaintiff choose to forgo the process and
10 create excuses later.

11 Plaintiff further contends that because he is indigent and is now under the state
12 prison's policy regarding access to the courts, he has had difficulty presenting his case, even
13 though he had the assistance of another prisoner. This contention is unavailing. Indigent
14 persons do not have the right to legal assistance in bringing a civil rights action. Plaintiff's
15 right of access to the courts extends only to his ability to bring a lawsuit challenging
16 conditions of confinement, not to litigate effectively once in court. See Lewis v. Casey, 518
17 U.S. 343, 354 (1996). Accordingly, his contention provides no basis to forgo the exhaustion
18 requirement.

19 **III. Motion for Production**

20 Plaintiff recently filed a motion seeking production of medical records (Doc. #19).
21 Besides being procedurally improper, the motion is rendered moot by the Court's decision.
22 It will be denied.

23 **IT IS ORDERED:**

24 (1) The reference to the Magistrate Judge on Plaintiff's Motion for Court Order for
25 Production of Medical Records (Doc. #19) is withdrawn. The motion is **denied**.

26
27
28

- 3 -

1    (2) Defendants' Motion to Dismiss (Doc. #13) is **granted**, and Plaintiff's action is
2 dismissed without prejudice. The Clerk of Court shall enter judgment accordingly.
3    DATED this 26th day of September, 2006.

Mary H. Murguia
United States District Judge